IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEROME NIMMONS, | |
| **Plaintiff,** | |
| v. | 1:13-cv-03786-WSD |
| GWINNETT COUNTY, GEORGIA, SHERIFF R. L. "BUTCH" CONWAY, DUONE CLARK, | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendants Gwinnett County, Georgia's ("Gwinnett County") and Sheriff R. L. "Butch" Conway's ("Sheriff Conway") Motion for Judgment on the Pleadings on Plaintiff Jerome Nimmons's ("Plaintiff") deliberate indifference claim brought under 42 U.S.C. § 1983.

## I.    BACKGROUND

On December 23, 2011, Plaintiff, a transgender person, was housed as a male pre-trial detainee in the Gwinnett County Detention Center ("Detention Center").  Plaintiff alleges that Duone Clark ("Clark"), a Gwinnett County Deputy Sheriff, sexually assaulted Plaintiff at the Detention Center.  Plaintiff further

alleges that the sexual assault continued for nearly a month until it was reported to jail officials on January 21, 2012.  On November 14, 2013, Plaintiff filed a four (4) count Complaint against Defendants Gwinnett County, Sheriff Conway[1] and Deputy Sheriff Clark, in which Plaintiff alleged that the Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and "pendent state law [against] sexual assault."[2]

In Count I and II of the Complaint, Plaintiff alleges that Gwinnett County and Sheriff Conway "knew or should have known that transgender inmates are at [a] greater risk of sexual assault by detention officers," and their failure to enact policies and procedures to address the risk of sexual assault faced by transgender persons amounts to deliberate indifference towards Plaintiff's constitutional right to be free from sexual assault, and "the right to remain free from the deprivation of life and liberty without due process of law."  Compl. at ¶¶ 12-13, ¶¶ 21-22. Plaintiff also alleges that Defendants Gwinnett County and Sherriff Conway failed to adequately screen, train and supervise the officers at the Detention Center, and

---

[1] The Plaintiff has sued Sheriff Conway and Defendant Clark in their individual capacities.  To date, Defendant Clark has not answered the Complaint.

[2] The Complaint does not specify any state laws that Defendants allegedly violated. It states only that "Defendants through their actions and inaction caused the sexual assault against a person in custody, Jerome Nimmons."  Compl. at 12.

their failure to take these actions shows that "it was highly predictable that [the officers], including defendant Clark, would sexually assault transgender pretrial detainees." Id. at ¶¶ 17, 21.

The conclusory allegations in Count I and II of the Complaint merely recite elements of a deliberate indifference claim. The Complaint does not contain any facts to show that (1) transgender persons "are at a greater risk of sexual assault by detention officers," and (2) Gwinnett County and Sheriff Conway "knew or should have known" that transgender persons face a substantial risk of harm at the Detention Center. The Complaint does not identify any of the policies that were in place at the Detention Center at the time of the alleged sexual assault, and Plaintiff does not explain why these policies were inadequate. The Complaint does not identify any policy that should have been in place at the time of Plaintiff's detention and alleged sexual assault, and Plaintiff does not explain how the implementation of any proposed policy could have prevented the alleged sexual assault that occurred at the Detention Center. The Complaint does not allege any facts from which the Court could infer that the Defendants failed to take reasonable measures to screen, train and supervise the officers at the Detention Center.

On January 28, 2014, Defendants Gwinnett County and Sheriff Conway filed a Motion for Judgment on the Pleadings in which they argue that Plaintiff

failed to state a claim against Gwinnett County because Gwinnett County does not have authority to control Sheriff Conway, the Gwinnett County Sheriff's Office, or the deputies at the Detention Center.  Defendants also argue that the claims against Sheriff Conway are required to be dismissed because he is entitled to qualified immunity.

## II.   DISCUSSION

### A.   Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss.").

In considering a motion for judgment on the pleadings, the allegations contained in the complaint must be accepted as true and the facts and all inferences

4

must be construed in the light most favorable to the nonmoving party.  See

Scottsdale Ins. Co. v. Pursley, 450 F. App'x 888, 890 (11th Cir. 2012);

Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

Ultimately, the complaint is required to contain "enough facts to state a claim to

relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a claim to relief that is plausible,

the plaintiff must plead factual content that "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Plausibility" requires more than a

"sheer possibility that a defendant has acted unlawfully," and a complaint that

alleges facts that are "merely consistent with" liability "stops short of the line

between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly,

550 U.S. at 557).

  B. Analysis

    1. *Gwinnett County*

  A county cannot be liable under Section 1983 on the basis of respondeat

superior.  Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003).  A

plaintiff can prevail against a county only when the county is "actually

responsible" for the deprivation of his or her constitutional rights.  Id.  To state a

claim against a county, the plaintiff must show that the county had an "official

policy" that directly caused a constitutional violation.

Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978).  A plaintiff can establish

an official policy of the county by showing either (1) an officially promulgated

policy or, (2) an unofficial custom or practice of the county shown through the

repeated acts of a final policymaker for the county.  Id. at 690–91.

Under Georgia's constitution, the state legislature has the authority to

establish and control a Sheriff's powers and duties.  Grech, 335 F.3d  at 1332; See

also Ga. Const. art. IX, § 1.  A Sheriff is thus not a county employee under Georgia

law because the state legislature has control over his powers and duties.  Id. (citing

Bd. of Comm'rs of Randolph County v. Wilson, 396 S.E.2d 903 (Ga. 1990)).

"Sheriffs alone hire and fire their deputies . . . [d]eputies are employees of the

Sheriff and not the County."  Manders v. Lee, 338 F.3d 1304, 1311 (11th Cir.

2003); see also O.C.G.A. § 15-16-23.

A Sheriff's "authority and duty to administer a jail in his jurisdiction flows

from the State, not the County," and "[the Sheriff] functions as an arm of the

State—not [the] County—when promulgating policies and procedures governing

conditions of confinement at the [ ] County Jail."

Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1325 (11th

6

Cir. 2005).  "Georgia courts also have unanimously held that a defendant county cannot be held liable for the tortious actions of the [S]heriff or his deputies in performing their law enforcement activities."  <u>Grech</u>, 335 F.3d at 1337.

To the extent that Plaintiff seeks to attribute Defendant Clark's alleged misconduct, and Sheriff Conway's actions (or inaction), to Gwinnett County, Plaintiff cannot state a claim against the County under Section 1983 because the County does not exercise control over the Sheriff's personnel decisions, or the policies and procedures established by the Sheriff that governed the conditions of Plaintiff's confinement.  <u>Purcell</u>, 400 F.3d at 1325; <u>Manders</u>, 338 F.3d at 1311; <u>Thomas v. Cobb County, Sheriff's Dep't</u>, CIVA 1:06-cv-1883-JE, 2010 WL 431468, at *5 (N.D. Ga. Feb. 4, 2010); <u>Bush v. Reeves</u>, No. Civ. A. 1:05-cv-1315-T, 2005 WL 3542880, at *2 (N.D. Ga. Dec. 23, 2005).

The Complaint also does not allege any facts to show that an official policy or custom established by Gwinnett County was the moving force behind the alleged violation of Plaintiff's constitutional rights.  See <u>Monell</u>, 436 U.S. at 694. The Defendants' Motion for Judgment on the Pleadings on the Plaintiff's claim against Gwinnett County is thus granted, and Gwinnett County is dismissed from this action.

2.      *Sheriff Conway*

Qualified immunity protects government officials from liability unless they "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To evaluate whether a defendant is entitled to qualified immunity, the Court determines whether (1) a constitutional or statutory right has been violated, and (2) whether the constitutional right was clearly established at the time of the violation.  Id. (internal citations omitted).

To establish supervisory liability under Section 1983, a plaintiff must show (1) that the supervisor personally participated in the alleged constitutional violation of plaintiff's rights or (2) that there is a causal connection between the supervisor's actions and the alleged constitutional violation.  See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  Before the Court evaluates whether a defendant is liable under Section 1983, however, "it is necessary to isolate the precise constitutional violation with which [the defendant] is charged."  Franklin, 738 F.3d at 1250 (internal citations and quotation marks omitted).

Plaintiff alleges that Sheriff Conway was deliberately indifferent to Plaintiff's constitutional rights because he failed to enact policies and procedures

to protect transgender persons from sexual assault, and failed to adequately screen, train and supervise the officers at the Detention Center.  To state a claim for deliberate indifference, a plaintiff must show that the defendant had "(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] the risk of serious harm; (3) by conduct that is more than gross negligence." Id. (citing Goodman v. Kimbrough, 718 F.3d 1325, 1331-32 (11th Cir. 2013)).  "[T]o be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." Id. (internal citations and quotation marks omitted) (emphasis in original).

In other words, Plaintiff must show that Sheriff Conway actually knew that Clark posed a serious risk of sexually assaulting transgender persons.  Id.  Even if the Court assumes that the allegations in the Complaint are true and draws all inferences in Plaintiff's favor, as the Court is required to do on a Motion for Judgment on the Pleadings, the Complaint does not sufficiently allege a constitutional violation.  At most, the Complaint alleges that Sheriff Conway "knew or should have known that transgender inmates are at a greater risk of sexual assault by detention officers." Compl. at ¶ 22.  This allegation, however, is

insufficient to state a deliberate indifference claim.  In <u>Franklin</u>, a case that is

instructive here, the Eleventh Circuit held that plaintiff's allegation that

"Supervisory Defendants 'knew or should have known' of a substantial risk" was

insufficient to state a deliberate indifference claim.  738 F.3d at 1250.  The

Eleventh Circuit noted that "[w]ere we to accept that theory of liability, the

deliberate indifference standard would be silently metamorphosed into a font of

tort law—a brand of negligence redux—which the Supreme Court has made

abundantly clear it is not."  <u>Id.</u> (internal citations and quotation marks omitted).

The Eleventh Circuit thus concluded that the plaintiff did not allege a

constitutional violation and the defendants were entitled to qualified immunity

because the plaintiff "failed to allege the Supervisory Defendants actually knew of

the serious risk [a detention officer] posed even in the most conclusory fashion."

<u>Id.</u>

Plaintiff's allegation that Sheriff Conway failed to adequately screen, train

and supervise his employees knowing that "it was highly predictable" that Clark

would sexually assault transgender persons is also insufficient to state a deliberate

indifference claim.  Compl. at ¶ 21.  There are no facts in the Complaint to suggest

that Clark was hired and retained as a deputy at the Detention Center even though

Sheriff Conway actually knew that Clark posed a serious risk of harm to

transgender persons.  "High predictability" of criminal behavior does not amount to conduct that exceeds gross negligence.  Franklin, 738 F.3d at 1250.

The Court concludes that Sheriff Conway is entitled to qualified immunity because Plaintiff has failed to allege a constitutional violation.  Id.  Because Plaintiff has failed to allege a constitutional violation, the Court is not required to address whether Plaintiff's constitutional right was clearly established at the time of the violation.  See Douglas Asphalt Co. v. Qore Inc., 541 F.3d 1269, 1274 (11th Cir. 2008).

As described in page 3 of this Order, the Complaint is conclusory and its legal conclusions are not supported by any factual allegations.  Plaintiff's failure to adequately support the conclusory allegations in the Complaint with facts is an additional reason to find that Sheriff Conway is entitled to qualified immunity. Franklin, 738 F.3d at 1252 (holding that defendants were also entitled to qualified immunity because plaintiff's "conclusory allegations are insufficient to allege a constitutional violation.").[3]

---

[3] The Court has dismissed all claims against Defendants Gwinnett County and Sheriff Conway over which it had original jurisdiction.  The Court has discretion to decline to exercise jurisdiction over Plaintiff's state law claim.
See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006) (explaining that a "federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case" (internal quotation omitted)); Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1123

III.  **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Gwinnett County's and

Sheriff Conway's Motion for Judgment on the Pleadings is **GRANTED** [16].

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for service to

appoint a special agent for service of process upon Duone Clark[4] [7], and the

Plaintiff's Motion for extension of time of pretrial order are **DENIED AS MOOT**

[30].

**SO ORDERED** this 25th day of August 2014.

_William S. Duffey_

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

(11th Cir. 2005) (explaining that when "no basis for original federal jurisdiction
presently exists, the district court has the discretion to decline to exercise
supplemental jurisdiction").  Because the Court has dismissed Plaintiff's claims
based on federal law, the Court declines to exercise supplemental jurisdiction over
Plaintiff's state law claim, and the state law claim against Defendants Gwinnett
County and Sheriff Conway is dismissed without prejudice.
See Ingram v. School Bd. of Miami–Dade County, 167 F. App'x 107, 108 (11th
Cir. 2006) (holding that if the federal claims are dismissed prior to trial, dismissal
of state law claims is appropriate and strongly encouraged, but the dismissal should
be without prejudice.).

[4] This Motion is required to be **DENIED AS MOOT** because Plaintiff now
represents that she successfully served Defendant Clark on February 3, 2014 [28].