IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEROME NIMMONS,

        Plaintiff,

v.                                                                                  1:13-cv-03786-WSD

DUONE CLARK,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jerome Nimmons's Motion for Default Judgment against Defendant Deputy Duone Clark [28].

On November 14, 2013, Plaintiff filed a four-count (4) Complaint against Defendants Deputy Duone Clark ("Clark"), Sheriff Conway and Gwinnett County, in which Plaintiff alleged that Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and "pendant state law [against] sexual assault." On December 23, 2011, Plaintiff, a transgender person, was housed as a male pre-trial detainee in the Gwinnett County Detention Center ("Detention Center"). Plaintiff alleges that Clark sexually assaulted Plaintiff at the Detention Center.

On August 25, 2014, the Court granted Sheriff Conway's and Gwinnett

County's Motion for Judgment on the Pleadings, and dismissed them from this action.

On February 3, 2014, Clark was served with the Summons and Complaint. To date, Clark has failed to file a responsive pleading. Plaintiff seeks a default judgment against Clark, and requests a hearing to determine the appropriate amount of damages, attorneys' fees and court costs.

Rule 55 of the Federal Rules of Civil Procedure pertains to the entry of default judgments. Subsection (b) of the Rule addresses entry of a judgment on default and provides for entry of default judgment:

> (1) **By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due . . . [1]
>
> (2) **By the Court**. In all other cases, the party must apply to the court for a default judgment . . . [t]he Court may conduct hearings . . . when, to enter or effectuate a judgment it needs to . . . (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

See Fed. R. Civ. P. 55(b)(1)-(2).

The Court has an obligation to ensure that there is a proper basis for any damage award it enters, and to assure that damages are not awarded solely as the

---

[1] Judgment under this sub-section is ordinarily entered when a defendant has an obligation under a contract or financial instrument to pay an amount agreed by the parties to the transaction and agreed upon interest.

2

result of an unrepresented defendant's failure to respond. <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1265 (11th Cir. 2003).  The Court is required to determine the amount and character of damages because Plaintiff's allegations relating to the amount of damages are not admitted by virtue of default even if the well-pleaded facts in the Complaint are deemed admitted due to Plaintiff's failure to file a responsive pleading.  <u>Id.</u> at 1266.  Damages may be awarded on default judgment only if the record shows the basis for the award. <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1544 (11th Cir. 1985).

Plaintiff's Motion for Default Judgment does not request a damage award for a sum certain, and it is not one that can be made certain by computation. Plaintiff has not offered evidence to support a damage award or otherwise explained the basis for a damage award.  The Court cannot enter a default judgment here without a record to determine the amount and character of damages. The Court determines that a hearing is appropriate upon Plaintiff's Motion for Default Judgment.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that a hearing will be conducted on this matter on March 2, 2015, at 9:30 a.m., at which Plaintiff shall present evidence on the

following: (1) the facts, circumstances, and corroboration of the assault alleged to have occurred on December 23, 2011, and (2) each element of damage alleged by Plaintiff and support and corroboration for each damage element, including evidence to support the amount claimed for each element.

**SO ORDERED** this 23rd day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE