**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JEROME NIMMONS,**<br>**Plaintiff,**<br>**v.**<br>**DUONE CLARK,**<br>**Defendant.** | **1:13-cv-03786-WSD** |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jerome Nimmons's Motion for Default Judgment Against Defendant Deputy Duone Clark [28] and the Court's January 26, 2015, Order for an evidentiary hearing on the Motion for Default Judgment [37].

## I. BACKGROUND

On November 14, 2013, Plaintiff filed a four-count (4) Complaint against Defendants Deputy Duone Clark ("Clark"), Sheriff Conway and Gwinnett County, in which Plaintiff alleged that Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and "pendant state law [against] sexual assault." On December 23, 2011, Plaintiff, a transgender person, was housed as a male pre-trial detainee in the Gwinnett County

Detention Center ("Detention Center"). Plaintiff alleges that Clark sexually assaulted Plaintiff at the Detention Center. On December 28, 2013, Clark was served with the Summons and Complaint. Clark did not file a responsive pleading.

On June 2, 2014, Plaintiff moved for a default judgment against Clark, (the "Default Judgment Motion") [28].[1]

On August 25, 2014, the Court granted Sheriff Conway's and Gwinnett County's Motion for Judgment on the Pleadings, and dismissed them from this action.

On January 26, 2015, the Court entered its Order scheduling an evidentiary hearing on the Default Judgment Motion [28]. The hearing was conducted on March 2, 2015.

This matter is now before the Court following the March 2, 2015 evidentiary hearing conducted under Rule 55(b)(2) to determine if a default judgment may be entered and, if so, in what amount.

---

[1] The Clerk of Court did not enter default against Clark when he failed to answer or otherwise respond to the Complaint after Clark was served on February 6, 2014. Fd.R.Cv.P. 55(a). The Court now enters default against Clark.

## II. FACTS

### A. The Assaults

Plaintiff stated she[2] was arrested in late 2011[3] for financial fraud. Transcript of Hearing on March 2, 2015 ("Tr.") at 14. Because Plaintiff was a transgender person, she was, for protection purposes, placed in a segregated part of the Gwinnett County Jail. Tr. at 5. Defendant Clark and another guard were the jailers responsible for guarding the segregated unit. Tr. at 6. Defendant Clark told Plaintiff that detainees at the jail are required to follow the rules of the jail. Tr. at 7. Plaintiff stated she believed she was dependent on the jailers for her safety and daily sustenance. Tr. at 7, 13. She said that as an "inmate, you have to follow the rules of the jail, the officer has a lot of control over the dorm." Tr. at 7. Jailers even have control of a complaint made by those detained and they can decide if a complaint gets processed. Id. Plaintiff felt compelled to obey the direction given by the officers because they could make your time harder or easier. Tr. at 7, 13.

It was within this environment that Plaintiff was approached by Defendant Clark, who, at first, wanted Plaintiff to masturbate in his presence. Id. Plaintiff,

---

[2] Plaintiff is a transgender person transitioning to the female gender. Counsel for Plaintiff requested that Plaintiff be referred to in the female gender.

[3] Plaintiff did not state the dates for these events but they all apparently occurred between late December 2011, through early 2012.

afraid of reprisals, complied with the demand. Tr. at 7. From there, "it got deeper," and turned physical at the end. Tr. at 6. On the day it got physical, Defendant Clark came to Plaintiff's room early in the morning. Tr. at 7. Plaintiff was laying on her bed and Defendant stood over her. Id. He again wanted her to masturbate. Id. "Then he pulled his penis out and asked [her] to perform oral sex on him." Tr. at 8. Believing she could not refuse, Plaintiff performed oral sex on Defendant as directed. Id. Over the next two months, she was required to perform oral sex on Defendant about four times. Id. She finally reported Defendant to another jail guard and an investigation was commenced. Tr. at 9. A review of videotapes of Plaintiff's cell confirmed that Defendant entered the cell and required Plaintiff to perform oral sex on him. Id. Semen on Plaintiff's boxer shorts and sheets also confirmed the conduct Plaintiff reported. Tr. at 10. Defendant ultimately was indicted and convicted of sexual assault against a person in custody and dereliction of duty by a public officer. Plaintiff's Ex. 1. Defendant was sentenced to ten (10) years with three (3) to be served in confinement. Id.

Plaintiff testified about the trauma, sleepless nights, nightmares, depression and psychological impact of Defendant's conduct towards her and her sexual assault. Plaintiff testified, credibly, that she suffers mental anguish and has required psychological counseling, which she is still receiving. Tr. at 13-15,

17-20. She believes she will need treatment in the future. Tr. at 21. She believes she should be compensated in the amount of $150,000 for her pain, suffering and emotional distress she has experienced, and is experiencing. Tr. at 27.

## III. DISCUSSION

### A. Standard On Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

> (1) ***By the Clerk***. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) ***By the Court***. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

"The entry of a default judgment is committed to the discretion of the district court. . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal

Practice & Procedure § 2685 (1983)). When considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988). "While a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The record demonstrates that Defendant was served with the pleadings in this matter and has failed to appear or otherwise defend. Based on the record, and the hearing conducted on March 2, 2015, the Court finds the allegations in Plaintiff's Complaint and the facts offered at the March 2, 2015 hearing sufficiently support that Plaintiff's due process rights were violated by Defendant Clark during the period December 23, 2011, and January 12, 2012. There is here a plausible claim for relief. See Cotton, 402 F.3d at 1278.

B. Requirement For Computing Damages

Where a plaintiff's damage claim against a defendant is not "for a sum certain or for a sum that can be made certain by computation," a default judgment

may be entered only by the Court. Fed. R. Civ. P. 55(b)(1) and (2). Absent a factual basis in the record in the form of a hearing or detailed affidavits establishing necessary facts, federal law requires a judicial determination of damages. See Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); Adolf Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (holding that "a judgment of default awarding cash damages could not properly be entered without a hearing, unless the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Therefore, when a default judgment seeks an uncertain or speculative damage amount, a court "has an obligation to assure that there is a legitimate basis for any damage award it enters . . . ." See Anheuser Busch, Inc., 317 F.3d at 1266. "[A] plaintiff must also establish that the amount [of a damage award] is reasonable under the circumstances." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

C. Compensatory Damages

Under Section 1983, a plaintiff "may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation and personal humiliation." Slicker v. Jackson, 215 F.3d 1225, 1230 (11th Cir. 2000); Wright v. Sheppard, 919 F.2d 665, 669 (11th Cir. 1990) (holding that

"non-physical injuries such as humiliation, emotional distress, mental anguish, and suffering" are compensable under Section 1983); see also Thompson v. Secretary of Florida, Dept. of Corrections, 551 F. App'x 555, 557 (11th Cir. 2014); Hale v. Secretary for Dept. of Corrections, 345 F. App'x 489, 491 (11th Cir. 2009). A federal court may award monetary damages, under Section 1983, for pain and suffering even if the plaintiff cannot present evidence of out-of-pocket loss or monetary harm. Id. Damage awards in the amount of $200,000 or more have been upheld as reasonable in cases where inmates suffer from psychological distress as a result of sexual assault committed by guards in prison. See Mathie v. Fries, 121 F.3d 808, 813 (2d Cir. 1997) (affirming a $250,000 award for plaintiff's sexual abuse by prison guard based, in part, on plaintiff's post-traumatic stress disorder); Parrish v. Luckie, 963 F.2d 201, 207 (8th Cir. 1992) (affirming compensatory damage award of $200,000 in favor of plaintiff falsely arrested and raped by a police officer in a Section 1983 action); Ortiz v. Lasker, No. 08-cv-600iL, 2010 WL 3476017, at *2 (W.D.N.Y Aug. 30, 2010) (awarding $250,000 in compensatory damages to inmate raped by corrections officer based on testimony that plaintiff suffered from nightmares, PTSD, anxiety, difficulty with intimate relationships and mood swings).

Plaintiff testified at the March 2, 2015 hearing about damage suffered as a result of Defendant Clark's conduct. The Court finds that Plaintiff has sufficiently demonstrated that she suffered mental and emotional distress, and, as a result, has suffered damages. The Court finds based on the evidence presented at the March 2, 2015 hearing and this Court's experience, that compensatory damages in the amount of $150,000 is fair and reasonable.

D. Punitive Damages

Punitive damages are available under Section 1983 when "the defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983); see also Wright, 919 F.2d at 670. In awarding punitive damages, the district court must consider three principles: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." Sepulveda v. Burnside, 432 F. App'x 860, 864-65 (11th Cir. 2011) (quoting State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418, 123 S. Ct. 1513, (2003)). Sexual assault committed by a prison guard on an inmate justifies a

punitive damages award. See Mathie, 121 F.3d at 815. (a punitive damages award of $200,000 was reasonable because the sexual abuse of an inmate is "reprehensible in the extreme and involved violence and malice"), see also Lasker, 2010 WL 3476017, at *2 (awarding default judgment of $250,000 in compensatory damages and $250,000 in punitive damages against a corrections officer who physically and sexually abused an inmate); Cash v. County of Erie, No. 04-cv-0182–JTC(JJM), 2009 WL 3199558 (W.D.N.Y. Sept. 30, 2009) (awarding default judgment of $500,000 in compensatory and $150,000 in punitive damages against a detention center guard who assaulted and raped an inmate).

The Court finds that Defendant Clark's conduct was reprehensible and that an award of punitive damages of $50,000, as claimed by Plaintiff, is supported by the record, is not disparate with the compensatory damage award, and otherwise is reasonable based on the facts of this case.

E. Plaintiff's Attorneys' Fees

"A request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). It is "perfectly proper to award attorney's fees based solely on affidavits in the records." Id. at 1303. "The court, either trial or appellate, is itself an expert on the question

and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." Id. (citations omitted). Evidentiary hearings are only necessary "where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the disputes of fact." Id.

Plaintiff prevailed on his claims and the Court finds that Plaintiff is entitled to reasonable attorney's fees and costs associated with pursuing Plaintiff's claims under Section 1983. The Court has required Plaintiff to file her fee application and supporting billing records on or before March 20, 2015. After the Court receives this filing, it will determine if a hearing is required and the Court will, in a separate Order, determine the reasonable fees and expenses that will be awarded in this action.

## II. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that **Default** is entered against Defendant Clark.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Deputy Duone Clark [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff be awarded $150,000.00 in compensatory damages and $50,000.00 in punitive damages.

**SO ORDERED** this 16th day of March, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE